UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HARRISON BAXTER, | No. 2:16-cv-2495 KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA FORENSIC MEDICAL GROUP, et al., | |
| Defendants. | |

Plaintiff is a county jail inmate, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  (ECF Nos. 2 & 7.)  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

1  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and
2  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly
3  payments of twenty percent of the preceding month's income credited to plaintiff's trust account.
4  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
5  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
6  § 1915(b)(2).

7  　　　　The court is required to screen complaints brought by prisoners seeking relief against a
8  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
9  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
10  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
11  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

12  　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
14  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
18  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
19  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
20  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
21  1227.

22  　　　　Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
23  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
24  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
25  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
26  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
27  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
28  sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff alleges that he suffers from chronic lower back pain from an auto accident in 1997-98. Plaintiff claims that he only received temporary remedies when he filed administrative appeals, and that he's only received medical care on two separate occasions when he threatened to bring this § 1983 civil rights suit. Plaintiff alleges he is forced to live with chronic pain. Plaintiff names as defendants: the Medical Director of the California Forensic Medical Group, Shasta County, the Shasta County Sheriff's Department, and Tom Bosenko, the Sheriff of Shasta County. Plaintiff seeks injunctive relief in the form of "adequate medical care," including medication, and a back brace, as well as money damages, for the alleged violation of his Eighth Amendment rights.

First, plaintiff fails to include specific charging allegations as to each defendant. Although plaintiff may be able to state a cognizable Eighth Amendment claim alleging deliberate indifference to his serious medical needs, plaintiff must include specific factual allegations as to what each defendant did, or did not, that allegedly violated plaintiff's rights.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).  Thus, for example, allegations based solely on the sheriff's supervisory role over the jail are insufficient to state a cognizable civil rights claim.

Second, in order to state a cognizable claim based on medical care, plaintiff must allege facts showing that each defendant acted with deliberate indifference to plaintiff's serious medical needs.  See Estelle v. Gamble, 429 U.S. 97 (1976); Simmons v. Navajo County, 609 F.3d 1011, 1017 (9th Cir. 2010) ("Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial detainees, we apply the same standards in both cases.") (internal citations omitted).  In the Ninth Circuit, a deliberate indifference claim has two components:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  This second prong -- defendant's response to the need was deliberately indifferent -- is satisfied by showing (a) a purposeful act or failure

4

>  to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).

Plaintiff is cautioned that, in applying the deliberate indifference standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). In addition, mere differences of opinion between a prisoner and prison medical staff as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012); Toguchi, 391 F.3d at 1058.

Finally, delays in providing medical care may manifest deliberate indifference. See Estelle, 429 U.S. at 104-05. However, to establish a deliberate indifference claim arising from a delay in providing medical care, a plaintiff must allege facts showing that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett, 439 F.3d at 1096.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones

5

v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists

because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  December 1, 2016

/baxt2495.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANTHONY HARRISON BAXTER, | No. 2:16-cv-2495 KJN P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| CALIFORNIA FORENSIC MEDICAL GROUP, et al., | |
| Defendants. | |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____    Amended Complaint

DATED:

_____
Plaintiff