UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HARRISON BAXTER,<br><br>   Plaintiff,<br><br>   v.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, et al.,<br><br>   Defendants. | No. 2:16-cv-2495 KJN P<br><br><br><br>ORDER |

Plaintiff is a county jail inmate, proceeding pro se, in an action brought under 42 U.S.C. § 1983. On November 30, 2016, plaintiff filed two motions.

First, plaintiff filed a motion to amend. However, on December 1, 2016, the undersigned dismissed plaintiff's original complaint and granted plaintiff leave to amend. Therefore, plaintiff's motion to amend is denied as moot.[1] Plaintiff also appears to intend to file his amended complaint as a class action. Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine

---

[1] In his motion, plaintiff includes allegations concerning incidents as recent as October of 2016. Plaintiff is cautioned that he must first exhaust his administrative remedies as to each claim before he raises such claims in federal court.

1

1  v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot "fairly and
2  adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of
3  Civil Procedure.  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  Therefore, plaintiff
4  is cautioned that this action will not proceed as a class action.  Each inmate must file his own civil
5  rights action.

6        Second, plaintiff requests that the court appoint counsel.  District courts lack authority to
7  require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States
8  Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an
9  attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer,
10 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir.
11 1990).  When determining whether "exceptional circumstances" exist, the court must consider
12 plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his
13 claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d
14 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).
15 The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances
16 common to most prisoners, such as lack of legal education and limited law library access, do not
17 establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

18       Having considered the factors under Palmer, the court finds that plaintiff has failed to
19 meet his burden of demonstrating exceptional circumstances warranting the appointment of
20 counsel at this time.  Therefore, plaintiff's motion is denied without prejudice.

21       Accordingly, IT IS HEREBY ORDERED that:
22       1. Plaintiff's motion to amend (ECF No. 11) is denied without prejudice; and
23       2. Plaintiff's motion for the appointment of counsel (ECF No. 12) is denied without
24 prejudice.
25 Dated:  December 5, 2016

26
27 baxt2495.31.kjn
28

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE